# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Langley, : 
          Petitioner : 
     : 
    v. : No. 719 C.D. 2016
     : SUBMITTED: October 7, 2016
Workers' Compensation Appeal : 
Board (Giant Food Stores), : 
          Respondent : 


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY              FILED: January 19, 2017


Nelson Langley (Claimant) petitions for review of the April 20, 2016, order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the workers' compensation judge (WCJ) to grant Giant Food Stores' (Employer) petition to terminate Claimant's workers' compensation benefits (termination petition). We affirm.

On September 15, 2007, while working for Employer, Claimant suffered a left shoulder injury when he stood up and struck his left shoulder on a shelf. (WCJ's Findings of Fact, No. 1.) On February 14, 2008, Employer issued a

medical only notice of compensation payable (NCP), accepting liability for a left shoulder contusion. (*Id.*)

Subsequently, Claimant filed a claim petition and Employer filed a termination petition, which were heard together by a WCJ. On December 26, 2008, the WCJ granted Claimant's claim petition and expanded Claimant's injury to include a left shoulder contusion, cervical brachial syndrome, cervical radiculitis, cervical spine segment dysfunction, cervical spine sprain and strain, disc herniation with cord flattening at C3-4, accompanying severe spondylitic foraminal stenosis, disc bulge at C4-5, supraspinatus tendinosis, a tear of the supraspinatus at its critical junction, and tear of the labrum. The WCJ denied Employer's termination petition. (*Id.*, No. 2.)

Subsequently, Employer filed a modification petition based on an impairment rating evaluation, a modification/suspension petition based on a job offer, and a petition to review the treatment of Jarrad Teller, D.C. Claimant filed a petition to review a utilization review determination of Dr. Teller, a petition to review a utilization review determination of Peggy Rock, D.C., and a penalty petition for refusal to pay. All petitions were heard by a WCJ, who issued a decision on March 29, 2013. (*Id.*, No. 4.)

The WCJ determined that Claimant had fully recovered from the left shoulder contusion, cervical sprain/strain, cervical brachial syndrome and labrum tear, and changed Claimant's disability status to temporary partial disability as of November 22, 2011. The WCJ also determined that Claimant could not perform

2

the offered position. The WCJ found Dr. Teller's treatment from November 1, 2010 to September 25, 2011, was reasonable and necessary, but that the treatments from Drs. Teller and Rock from September 26, 2011, and ongoing were not reasonable and necessary. The WCJ dismissed Claimant's penalty petition. (*Id.*, Nos. 5-6.)

On April 16, 2014, Employer filed a termination petition, asserting that Claimant had fully recovered from the September 15, 2007 work injury as of February 12, 2014, when Claimant was examined by Dennis W. Ivill, M.D. Dr. Ivill, who is board certified in physical medicine and rehabilitation, took a history from Claimant, reviewed his medical records, and conducted an examination. Dr. Ivill acknowledged Claimant's injuries, found that Claimant had a normal examination, and opined that Claimant was fully recovered from the September 15, 2007 work injury as of the date of his examination. Dr. Ivill further opined that Claimant's treatments were no longer reasonable or necessary. Dr. Ivill opined that Claimant could return to his pre-injury position with Employer full-time and without restrictions.[1] (*Id.*, Nos. 7-14.)

Claimant testified on his own behalf regarding his condition, and his treatments with various doctors. Claimant stated that he cannot lift five pounds with his left hand and that his neck and shoulder will always irritate him. Claimant

---

[1] Employer also presented two surveillance digital versatile discs (DVD) in support of its termination petition. The DVDs show Claimant sitting outside smoking, lightly shoveling snow, and clearing snow off of his car. Claimant mostly uses his right hand, but also minimally uses his left arm and hand. The WCJ determined that the DVDs eroded Claimant's testimony regarding his pain level and the effects of weather on his condition. (*Id.*, No. 15.)

3

goes to therapy for one hour, three times a week, is able to drive, and runs errands once a week. Claimant denied helping around the house, cooking, cleaning, grocery shopping, and using his left hand/arm to remove snow from his property and car. Claimant receives injections, chiropractic spinal manipulation, physical therapy, and takes various prescribed medications throughout the day. Claimant estimated his pain level at a ten. Claimant, after watching the DVDs, continued to deny using his left hand to remove snow from his car, but did admit using his left hand to shovel snow. Claimant also acknowledged that the DVDs show him outside in the cold weather and carrying grocery bags. (*Id.*, Nos. 18-19.)

Claimant presented the deposition testimony of Sofia Lam, M.D., board certified in anesthesiology. Dr. Lam began treating Claimant on April 12, 2013. Dr. Lam diagnosed Claimant with cervical sprain and strain, cervical radiculopathy, cervical foraminal stenosis, and occipital tension headache. Dr. Lam treated Claimant with injection therapy and a medication regimen. Dr. Lam opined that Claimant is not fully recovered and is unable to return to his pre-injury position. Dr. Lam further opined that she does not foresee Claimant returning to work in any capacity. (*Id.*, Nos. 20-21.)

Claimant also presented the deposition testimony of Brent Weinerman, D.O., board certified in general practice. Dr. Weinerman began treating Claimant on August 9, 2012. Dr. Weinerman diagnosed Claimant with cervicobrachial syndrome, cervical radiculitis, cervical spine segment dysfunction, cervical spine sprain and strain, cervical disc herniation with cord flattening at C3-4, accompanying severe spondylitic foraminal stenosis, disc bulge at C4-5, left

4

supraspinatus tendinosis, tear of the supraspinatus tendon and tear of the labrum in a patient that is status post left shoulder arthroscopic surgery and implant of a neurostimulator. Dr. Weinerman opined that Claimant could not work in any capacity.

The WCJ found Dr. Ivill credible and persuasive, and accepted his testimony as fact. The WCJ rejected the testimony of Claimant, Dr. Lam, and Dr. Weinerman as not credible. The WCJ determined that Claimant was fully recovered from his September 15, 2007 work injury as of February 12, 2014, and granted Employer's termination petition. Claimant appealed to the Board, which affirmed. Claimant now petitions this Court for review.[2]

The employer bears the burden of proof in a termination proceeding. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1291 (Pa. 1997).

> In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

*Id.* at 1293.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

5

Claimant argues that the WCJ erred in determining that he was fully recovered from the work-related injury based upon Dr. Ivill's medical testimony because he: (1) did not recognize the accepted work injury of a disc herniation at C3-4 with spinal cord flattening; and (2) he gave his opinions to a reasonable degree of medical probability rather than certainty. We disagree.

A medical professional is not required to believe a condition existed; he or she is merely required to accept as true the adjudicated fact that a condition existed and opine as to whether the condition continues to exist at the time of the examination. *Folmer v. Workers' Compensation Appeal Board (Swift Transportation)*, 958 A.2d 1137, 1148 (Pa. Cmwlth. 2008).

Here, Dr. Ivill acknowledged all of Claimant's work injuries, including the C3-4 disc herniation with flattening of the spinal cord, and opined to within a reasonable degree of medical certainty that Claimant had completely recovered from all of his injuries as of the date of his examination. (Dr. Ivill's Deposition, 8/26/14, at 21-23, 27, 35-36.[3]) Dr. Ivill further opined that Claimant could return to work without restriction. (*Id.*, at 22, 33.) Dr. Ivill was asked "[h]ave all of your opinions been offered within a reasonable degree of medical certainty?" (*Id.* at 39.) To which Dr. Ivill replied, "Yes." (*Id.*) Dr. Ivill addressed and accepted Claimant's work injuries and cited objective medical evidence to support his conclusion that Claimant had fully recovered from all of the work

---

[3] Dr. Ivill testified that "the accepted diagnoses included . . . a C3-4 disc herniation with flattening of the spinal cord . . . . Using those diagnoses, it was my opinion that he could return to full-time, full-duty work effective . . . 2/12/14, with no restrictions." (Dr. Ivill's Deposition, 8/26/14, at 22.)

6

injuries. Our careful review of the record in this case has uncovered no basis to support Claimant's argument that Dr. Ivill's opinion was based on a standard other than a reasonable degree of medical certainty.

The WCJ is the ultimate fact finder and determines the weight and credibility of evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). "As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.* Here, the WCJ specifically found Dr. Ivill's medical opinion more credible and persuasive than those of Dr. Lam and Dr. Weinerman, and stated reasons supporting his decision. (*See* WCJ's Findings of Fact, Nos. 23-25.) The WCJ did not err in determining that Dr. Ivill's testimony is legally sufficient to support a determination that Claimant has fully recovered from his work injuries.

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

Judge Cosgrove concurs in the result only.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Langley,                          :
                     Petitioner          :
                                         :
          v.                             : No. 719 C.D. 2016
                                         :
Workers' Compensation Appeal             :
Board (Giant Food Stores),               :
                     Respondent          :

O R D E R

AND NOW, this 19th day of January, 2017, the order of the Workers'
Compensation Appeal Board in the above-captioned matter is affirmed.


_____
JULIA K. HEARTHWAY, Judge